UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA, SOUTHERN DIVISION

| | |
|---|---|
| Neighborhood Networks Publishing, Inc. and N2 Franchising, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Jacqueline Marie Lyles and Lifestyle Publications, LLC,<br><br>Defendants. | Case No. 7:19-CV-89<br><br>State of North Carolina<br><br>Superior Court of New Hanover County<br>Case No. 19-CVS-001474<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332, 1441, 1446 AND 1453** |

PLEASE TAKE NOTICE THAT Defendant Lifestyle Publications, LLC ("Defendant") hereby removes this action from the General Court of Justice, Superior Court Division, State of North Carolina, County of New Hanover, to the United States District Court for the Eastern District of North Carolina, Southern Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. The grounds for removal are as follows:

## THIS COURT HAS JURISDICTION

1. Under 28 U.S.C. § 1446(a), a notice of removal must: (1) be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure; (2) contain a "short and plain statement of the grounds for removal"; and (3) be accompanied by a copy of all process, pleadings, and orders served on the defendant in the action.

## VENUE IS PROPER

2. Venue is proper in this Court pursuant to 28 U.S.C. sections 84(a), 1391 and 1446, because this action was originally brought in the General Court of Justice,

Superior Court Division, State of North Carolina, County of New Hanover as Case No. 19-CVS-001474.

## **PLEADINGS, PROCESS AND ORDERS**

3. On April 23, 2019, this lawsuit was commenced and is currently pending in the General Court of Justice, Superior Court Division, State of North Carolina, County of New Hanover as Case No. 19-CVS-001474, entitled *Neighborhood Networks Publishing, Inc. and N2 Franchising, LLC vs. Jacqueline Marie Lyles and Lifestyle Publications, LLC*. A true and correct copy of the "Verified Complaint and Motions for Temporary Restraining Order and Preliminary Injunction" (the "Complaint") is attached hereto as **Exhibit 4**, along with its exhibits thereto.

4. The Complaint asserts the following causes of action: (1) breach of contract as to Defendant Lyles, (2) misappropriation of trade secrets against both Defendants, (3) computer trespass under N.C. Gen. Stat. §14-458 against both Defendants, (4) tortious interference with a contract as to Defendant Lifestyle, (5) unfair and deceptive practices under N.C. Gen. Stat. §75-1.1 against both Defendants, (6) constructive trust as to both Defendants, (7) fraudulent misrepresentation/fraudulent concealment against both Defendants, and (8) punitive damages against both Defendants. In addition, Plaintiffs seek a temporary restraining order, injunctive relief, preliminary injunction, and their reasonable attorney fees and costs. *See* **Exhibit 4**, at pgs. 9-20.

5. On April 25, 2019, Plaintiffs Neighborhood Networks Publishing, Inc. and N2 Franchising, LLC ("Plaintiffs") served Defendants' statutory agent DeLand Shore by certified mail.

6. According to the State Superior Court docket, the following documents have been filed: Civil Summons (**Exhibit 3**), Verified Complaint and Motion for Temporary Restraining Order and Preliminary Injunction (**Exhibit 4**), Affidavit of

Kate Silberfeld (**Exhibit 5**), and Temporary Restraining Order and Notice of Hearing on Preliminary Injunction (**Exhibit 6**). True and correct copies of all documents as identified on the State Superior Court docket are attached hereto as **Exhibits 3-6**.

7. Pursuant to 28 U.S.C. 1446(a), the attached **Exhibits 3-6** constitute all pleadings and orders filed in this action. No Defendant has appeared or filed an answer in the General Court of Justice, Superior Court Division, State of North Carolina, County of New Hanover as Case No. 19-CVS-001474.

### DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

8. This Notice of Removal is timely. Plaintiff served the Summons and Complaint on Defendant on April 25, 2019. Pursuant to 28 U.S.C. 1446(b) and Federal Rule of Civil Procedure, Rule 6(a)(1)(C), this Notice of Removal is therefore timely filed as it is within thirty (30) days after service of the Summons and Complaint and within one year after commencement of this action. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 356 (1999) (30-day removal period runs from the service of the summons and complaint).

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a "Notice to State Court and Adverse Parties of Removal of Action" (to include a copy of this Notice of Removal without Exhibits) will be promptly filed with the Clerk of the General Court of Justice, Superior Court Division, State of North Carolina, County of New Hanover and served on all other parties to this action.

### THIS COURT HAS DIVERSITY JURISDICTION

10. Plaintiffs are affiliated Delaware entities authorized to do business in North Carolina, with their corporate headquarters and principal places of business located in Wilmington, North Carolina. *See* **Exhibit 4** at pg. 2, ¶ 4.

11. Upon information and belief, Plaintiff N2 Franchising, LLC has two members: Duane Hixon a citizen of the State of North Carolina, and Earl Seals a citizen of the State of Illinois.

12. Lifestyle Publications, LLC is, and at all relevant times was, a limited liability company duly organized and existing under the laws of the State of Kansas.

13. Defendant has two members: Matthew Perry and Steven Schowengerdt, both citizens of the State of Arizona.

14. For diversity purposes, limited liability companies are citizens of all states where each of their members is a citizen. *See Americold Realty Trust v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1016-17 (2016).

15. Defendant Jacqueline Marie Lyles is a citizen of the State of Georgia.

16. Defendants are not, and were not at any relevant time, citizens of the State of Delaware, North Carolina or Illinois.

17. All Defendants consent to this removal.

18. The amount in controversy herein exceeds the sum or value of $75,000, exclusive of interest and costs, as detailed more fully below.

19. Plaintiffs seek the following damages and relief:

| Complaint Count | Damages Claimed |
|---|---|
| One: breach of contract | monetary damages in excess of $25,000 and injunctive relief (*see* **Exhibit 4**, at ¶ 67). |
| Two: misappropriation of trade secrets | monetary damages in excess of $25,000 and injunctive relief (*see* **Exhibit 4**, at ¶ 79). |
| Three: computer trespass under N.C. Gen. Stat. §14-458 | unspecified lost profits (*see* **Exhibit 4**, at ¶¶ 85-86). |
| Four: tortious interference with a contract | monetary damages in excess of $25,000 and injunctive relief (*see* **Exhibit 4**, at ¶ 95). |

| | |
|---|---|
| Five: unfair and deceptive practices under N.C. Gen. Stat. §75-1.1 | monetary damages in excess of $25,000 and injunctive relief, in addition to trebling of compensatory damages, and attorney fees and costs (*see* **Exhibit 4**, at ¶¶ 100-102). |
| Six: constructive trust | constructive trust or equitable lien in unidentified amount (*see* **Exhibit 4**, at ¶ 108). |
| Seven: fraudulent misrepresentation/fraudulent concealment | unspecified loss of expected and anticipated revenue from advertisers (*see* **Exhibit 4**, at ¶¶ 120-121). |
| Eight: punitive damages | unspecified award (*see* **Exhibit 4**, at ¶ 124). |

20. The amount in controversy in this lawsuit (even without consideration of certain categories of damages sought, trebling, the cost of a trust or injunctive relief, or attorney fees demanded) clearly exceeds the requirement for diversity jurisdiction based removal under 28 U.S.C. §1332(a)(1) of $75,000.

## **CONCLUSION**

21. This Court has original jurisdiction over Plaintiffs' claims by virtue of diversity jurisdiction under 28 U.S.C. §1332(a)(1). This action is thus properly removable to federal court pursuant to 28 U.S.C. § 1441. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests the opportunity to submit evidence, points and authorities further supporting the removal of this action.

22. Defendant demands a jury trial on all claims with a right to a trial by jury.

RESPECTFULLY SUBMITTED this 3rd day of May, 2019.

5
CORE/3506595.0004/152310217.1

/s/ Amy P. Hunt

Amy P. Hunt (34166)
**HORACK, TALLEY, PHARR & LOWNDES, P.A**
2600 One Wells Fargo Center
301 South College Street
Charlotte, North Carolina 28202-6006
Telephone: (704) 377-2500
Facsimile: (704) 714-7935
E-mail: AHunt@horacktalley.com

Sean W. Colligan (18138)
**STINSON LLP**
1201 Walnut Street
Kansas City, Missouri 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
E-mail: sean.colligan@stinson.com


Lonnie J. Williams, Jr. (pro hac vice forthcoming)
Carrie M. Francis (pro hac vice forthcoming)
**STINSON LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Telephone: (602) 279-1600
Facsimile: (602) 240-6925
Email: lonnie.williams@stinson.com
carrie.francis@stinson.com

Attorneys for Lifestyle Publications, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2019, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF; and as Plaintiffs' counsel is not yet a registered ECF user for this matter, I sent a copy by U.S. Mail and email of this same filing to:

Alexander C. Dale
Christopher S. Edwards
Ward and Smith, P.A.
P.O. Box 7068
Wilmington, NC 28406-7068
acd@wardandsmith.com
csedwards@wardandsmith.com

                                                 */s/*  Amy P. Hunt