# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CIVIL ACTION FILE NO.: 7:19-cv-89-BO

| | |
|---|---|
| NEIGHBORHOOD NETWORKS PUBLISHING, INC. and N2 FRANCHISING, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>JACQUELINE MARIE LYLES and LIFESTYLE PUBLICATIONS, LLC,<br><br>    Defendants. | **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

This matter is before the Court on the Joint Motion for Consent Judgment and Injunction Order filed by Plaintiffs and Defendant Jacqueline Marie Lyles ("Lyles"), under Rule 54(b) of the Federal Rules of Civil Procedure. For the reasons given below, the Court grants the Motion.

    1. On April 23, 2019, Plaintiffs filed this civil action against Defendants in the North Carolina General Court of Justice, Superior Court Division, for New Hanover County. In their Complaint, Plaintiffs sought, among other things, to permanently enjoin Defendant Lyles from violating certain valid, enforceable non-competition and non-solicitation covenants in a contract with Plaintiff N2 Franchising, LLC. Plaintiffs also sought to prevent all Defendants from using certain of Plaintiffs' confidential and protected trade secrets and other proprietary information, including, but not limited to, information obtained by Defendant Lyles

from Plaintiff Neighborhood Networks Publishing, Inc.'s software platforms, N2 Portal and PubManager.

2. On May 3, 2019, Defendant Lifestyle Publications, LLC, removed this action to this Court under 28 U.S.C. § 1446. Defendant Lifestyle Publications, LLC invoked this Court's diversity of citizenship jurisdiction, under 28 U.S.C. § 1332(a). After removal, Plaintiffs perfected service on Defendant Lyles. The Court thus has personal jurisdiction over the parties.

3. On February 10, 2020, Plaintiffs and Defendant Lyles filed a Joint Motion for Consent Judgment and Injunction Order. In their Joint Motion, Plaintiffs and Defendant Lyles represent that they have settled their dispute as between these parties only and, in connection with their settlement, seek entry of a Judgment and Permanent Injunction on the terms outlined below.

4. The parties waive further findings of fact, pursuant to Federal Rule of Civil Procedure 52.

NOW THEREFORE, having considered the Complaint and the agreements of the parties set forth in the Joint Motion for Consent Judgment and Injunction Order, IT IS ORDERED:

1. Defendant Lyles is hereby ENJOINED as follows:

   a. Defendant Lyles, and any agent, employee, or other person acting in concert with Defendant Lyles, are enjoined and restrained from conducting, operating, or otherwise directly participating in the business of publishing

community/neighborhood magazines and from selling or soliciting advertisements for any such publication in:

      i.      Zip Code 30305;

      ii.      the area located within the 15 mile radius around Zip Code 30305; and

      iii.      any other community or neighborhood located within the 15 mile radius around the perimeter of any territory of any other Area Director for a period of two years following the entry of this Judgment and Order.

      b.      Defendant Lyles, and any agent, employee, or other person acting in concert with Defendant Lyles, are enjoined and restrained from directly or indirectly using, disclosing, or copying Confidential Information or Trade Secrets belonging to Plaintiffs, which Defendant Lyles possessed in connection with her work for Plaintiffs, or assisting any other person or entity to do so.  Such Confidential Information or Trade Secrets include, but are not limited to, publication rates, costs, and pricing methodology; advertising targets, rates, and pricing methodology; sales and marketing strategies; publication management strategies, including editing, layout, and supply-chain management; strategic plans for growth into new territories; and compilation of business information

      c.      Defendant Lyles, and any agent, employee, or other person acting in concert with Defendant Lyles, are prohibited from causing any of Plaintiffs' customers with whom Defendant Lyles worked during her tenure with Plaintiffs to cease their business relationships with Plaintiffs and to pay Defendant Lyles, or any

3

Case 7:19-cv-00089-BO   Document 40-1   Filed 02/10/20   Page 4 of 6

agent, employee, or other person acting in concert with Defendant Lyles, directly, or to pay anyone acting at the direction of Defendant Lyles, to obtain, publish, or distribute advertising created by or on behalf of Plaintiffs.

        d.        Defendant Lyles, and any agent, employee, or other person acting in concert with Defendant Lyles, shall return to Plaintiffs within 14 days of the entry of this Judgment and Order any funds, assets, or property, whether tangible or intangible, belonging to Plaintiffs under law or equity, which Defendant Lyles, or any agent, employee, or other person acting in concert with Defendant Lyles, diverted to themselves, including any funds derived from any advertisement taken from, or from any customer contacted based on information identified by Defendant Lyles within N2 Portal or PubManager. Once returned to Plaintiffs, Defendant Lyles shall destroy any additional or surplus copies of any such asset or property that remain in her possession. Defendant Lyles shall certify the destruction of such assets or property, if any, to Plaintiffs, under oath, within 30 days of the date of entry of this Judgment and Order.

        e.        Defendant Lyles, and any agent, employee, or other person acting in concert with Defendant Lyles, are prohibited from taking any actions that violate, or will cause Defendant Lyles to violate, the noncompetition and nonsolicitation covenants and confidentiality obligations in the Franchise Agreement identified in the Complaint.

4

Case 7:19-cv-00089-BO   Document 40-1   Filed 02/10/20   Page 5 of 6

2. This Judgment and Order may be enforced by the contempt powers of this Court, after a party provides written notice to the violating party and a 15-business-day opportunity-to-cure period has expired with no resolution.

3. This Judgment and Order shall remain in full force and effect, and this Court shall retain jurisdiction to enforce the terms and restrictions set forth in this Permanent Injunction, unless terminated by further Order of this Court.

4. This Judgment and Order is entered under Rule 54(b). It acts as a final judgment only as to Plaintiffs' first and second claims for relief against Defendant Lyles. All remaining claims against Defendant Lyles—Plaintiffs' third, fifth, sixth, seventh, and eighth claims for relief—are dismissed with prejudice.

5. All of Plaintiffs' claims against Defendant Lifestyle Publications, LLC—that is, Plaintiffs' second, fourth, fifth, sixth, and seventh claims—shall remain pending after entry of this Judgment and Order.

SO ORDERED, this the _____ day of February, 2020.

_____
Terrence W. Boyle
Chief United States District Judge