IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CIVIL ACTION FILE NO.: 7:19-cv-89-BO

| | |
|---|---|
| NEIGHBORHOOD NETWORKS PUBLISHING, INC. and N2 FRANCHISING, LLC,,<br><br>Plaintiffs,<br><br>v.<br><br>JACQUELINE MARIE LYLES and LIFESTYLE PUBLICATIONS, LLC,<br><br>Defendants. | DEFENDANT LIFESTYLE PUBLICATIONS, LLC'S STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT |

Defendant Lifestyle Publications, LLC offers the following facts in support of its motion for summary judgment:

## BACKGROUND

1. Plaintiff Neighborhood Networks Publishing, Inc. ("N2") owns and publishes "around 900 different community publications, which are published in 47 states." Compl. ¶ 14.

2. N2's publications are "hyper-local" magazines that target specific affluent areas of cities and suburbs, and local businesses place advertisements in them. N2 offers franchises in each of these specific local areas; its franchisees are called "Area Directors." Compl. ¶¶ 1, 16.

3. N2 has approximately 800 Area Directors that sell advertising for their respective N2 magazines. Compl. ¶ 15.

4. Each of N2's magazines targets a specific local area. Compl. ¶¶ 1, 5, 22.

5. Defendant Jacqueline Lyles ("Lyles") was an Area Director for N2 from approximately February 1, 2016 until August 31, 2018. Compl. ¶¶ 28, 33.

6. Lyles' franchise was the Peachtree Battle community in Atlanta, Georgia, and her N2 magazine was titled *Peachtree Battle Living*. Compl. ¶ 28.

7. As an Area Director for *Peachtree Battle Living*, Lyles' duties were to facilitate "publication of, and selling advertising for, *Peachtree Battle Living*." Compl. ¶ 28.

8. The Peachtree Battle community is a few hundred acres in Atlanta—well under a square mile in area. https://www.peachtreebattlealliance.org/info.php?pnum=5596e0cc293b4a.

## THE FRANCHISE AGREEMENT

9. Lyles entered into a Franchise Agreement with N2. Compl. ¶ 7.

10. The Franchise Agreement defined Lyles' exclusive "Territory "as "The Community of Peachtree Battle; in the State of Georgia, county of Fulton and in the zip code of 30305 as defined on October 18, 2017." Compl. Ex. A, Attachment B.

11. The Franchise Agreement prohibited Lyles from soliciting "any Community that is not within Franchisee's Territory without Franchisor's prior written consent." Compl. Ex. A, ¶ 1A.

12. The non-competition provision contained in the Franchise Agreement provided that "[f]or a period of 24 months immediately following the expiration, termination, or transfer of this Agreement ('Non-Compete Period'), neither Franchisee nor any Principal will compete, directly or indirectly, with Franchisor...or engage in any capacity, by any individual, organization, or company, in any Competitive Business within the Territory; within a 15-mile radius around the perimeter of the Territory; or within a 15-mile radius around the perimeter of the territory of any other N2 Publishing franchisee, directly or indirectly..." Compl. Ex. A, ¶ 7B.

13. The non-compete clause in the Franchise Agreement also prohibited Lyles from directly or indirectly "solicit[ing] business from Consumers, Communities, clients (including

CORE/3506595.0005/158963102.2

advertisers) of Franchisor or of any N2 Publishing franchisee (within the geography defined above), nor engage in any business activities that are the same as or similar to those of Franchisor or its franchisees." Compl. Ex. A, ¶ 7B.

14. The non-solicitation clause in the Franchise Agreement prohibited Lyles from "soliciting advertising with any N2 Publishing customers that Franchisee has obtained as a result of Franchisor's Confidential Information." Compl. Ex. A, ¶ 7C.

15. While Lyles worked for N2, her compensation was based only off of advertising sold in *Peachtree Battle Living*, and Lyles used N2's computer systems to enter information for advertisers in only *Peachtree Battle Living*. Compl. ¶¶ 31-32.

## LYLES SELLS HER FRANCHISE

16. On August 31, 2018, Lyles sold her franchise to Craig O'Neal. Compl. ¶ 33.

17. N2 consented to the sale of Lyles' franchise to O'Neal. Compl. ¶ 34.

18. After O'Neal became the Area Director for the Territory, Lyles worked with O'Neal from September through November 2018 to help O'Neal publish *Peachtree Battle Living*. Compl. ¶ 36.

19. When Lyles had become an Area Director, N2 granted her access to its computer systems N2 Portal and PubManager, which are cloud-based software systems that Area Directors "use to manage and process customer advertising contracts and orders" and to "upload and manage files containing articles and customer advertisements for publication in N2's magazines." Compl. ¶¶ 25-26.

20. When Lyles sold her franchise to O'Neal, N2 could have terminated her access to N2 Portal and PubManager but chose to not do so.

21. N2 did not terminate Lyles' access to N2 Portal and PubManager until March 27, 2019. Compl. ¶¶ 42, 48.

22. While Lyles was helping O'Neal with *Peachtree Battle Living*, and continuing through March 2019, Lyles accessed N2 Portal and PubManager using her same N2-supplied credentials. Compl. ¶ 42 (noting access; Lifestyle disputes the allegation that the access was unauthorized).

23. Lyles viewed "the identity of certain of N2's clients, the nature of the ads those clients were running, the contact information for certain of N2's clients, and the identity of certain N2 clients who had not yet paid N2." Compl. ¶ 43.

24. Lyles viewed the identities and advertisements for 11 N2 advertisers. Compl. ¶ 44.

25. Lyles viewed the "content and proofs related to multiple N2 publications circulated in Buckhead and Peachtree Battle areas of Atlanta." Compl. ¶ 46.

26. N2 continued to supply Lyles with active credentials to N2 Portal and PubManager until March 2019. Compl. ¶¶ 48-49.

27. N2 continuously authorized Lyles to access N2 Portal and PubManager from the beginning of her tenure as Area Director in February 2016 until N2 terminated her access on March 27, 2019. Compl. ¶¶ 28, 48-49.

**LYLES BEGINS WORKING WITH LIFESTYLES PUBLICATIONS, S.E., LLC**

28. In February 2019, Lyles began working as an independent contractor for Lifestyle Publications S.E., LLC ("Publications S.E."). Ex. 2, Declaration of Jim Newman, ¶ 6.

29. Publications S.E. is an independent contractor for Lifestyle. Ex. 2, Declaration of Jim Newman, ¶ 5.

30. Publication S.E. never consulted with Lifestyle before contracting with Lyles. Ex. 1, Declaration of DeLand Shore, ¶ 11.

31. Publications S.E. publishes four magazines, *Alpharetta Lifestyle*, *BuckHaven Lifestyle*, *Johns Creek Lifestyle*, and *Perimeter North Lifestyle*. Ex. 2, Declaration of Jim Newman, ¶ 3.

32. None of these magazines specifically target the Peachtree Battle area. Ex. 2, Declaration of Jim Newman, ¶ 4.

### N2'S CUSTOMER ASKS LYLES FOR A COPY OF ITS AD

33. On March 28, 2019, Lyles contacted N2 from her personal email address, stating that she used to work for N2 and was "retired," and that a N2 client had contacted her for a copy of an advertisement that it had run in the February 2019 issue of *Peachtree Battle Living*. Compl. Ex. C Ex. A.

34. Lyles copied the customer, Cunningham Associates, on the email, and asked N2 to email Jere Smith, the Cunningham contact, a copy of the ad. Compl. Ex. C Ex. A.

35. Kate Silberfeld of N2 responded and emailed a copy of the ad only to Lyles, who responded and said she would forward to Cunningham. Compl. Ex. C Ex. A.

### LIFESTYLES AND PUBLICATIONS S.E. DID NOT DIRECT OR CONTROL LYLES' ACTIONS

36. Until N2 initiated this litigation, Lifestyle never knew of the existence of any contracts between Lyles and N2, including the Franchise Agreement. Ex. 1, Declaration of DeLand Shore, ¶ 12.

37. No one employed at Lifestyle ever directed Lyles to access N2's computer systems or to solicit customers of N2. Ex. 1, Declaration of DeLand Shore, ¶ 14.

CORE/3506595.0005/158963102.2

38. Publications S.E. never directed Lyles to access N2 Portal. Ex. 2, Declaration of Jim Newman, ¶ 9.

39. Publications S.E. never directed Lyles to solicit any of N2's customers. Ex. 2, Declaration of Jim Newman, ¶ 10.

40. In May 2019, one of the publications operated by Lifestyle Publications S.E., LLC, Buckhaven Lifestyles, ran an advertisement for Cunningham Associates. Ex. 2, Declaration of Jim Newman, ¶ 11.

41. No one employed by Publications S.E. knew that Ms. Lyles was contractually prohibited from soliciting Cunningham Associates. Ex. 2, Declaration of Jim Newman, ¶ 12.

42. Publications S.E. never directed Lyles to contact N2 to obtain any copy of an ad for Cunningham. Ex. 2, Declaration of Jim Newman, ¶ 12.

43. Publications S.E. never directed Lyles to solicit any of N2's customers using any of N2's confidential information or trade secrets. Ex. 2, Declaration of Jim Newman, ¶ 12.

44. Publications S.E. has never had in its possession any information obtained through Lyles from N2 Portal or PubManager. Ex. 2, Declaration of Jim Newman, ¶ 14.

45. Publications S.E. has never had any of N2's confidential information or trade secrets in its possession. Ex. 2, Declaration of Jim Newman, ¶ 14.

46. Lyles never shared with Publications S.E. any confidential information or trade secrets that she had obtained from N2. Ex. 2, Declaration of Jim Newman, ¶ 15.

47. Until this litigation, Publications S.E. never knew that Lyles had accessed N2's computer systems while under contract with Publications S.E. Ex. 2, Declaration of Jim Newman, ¶ 9.

CORE/3506595.0005/158963102.2

48. Lifestyle has never directed Lyles to solicit N2's customers. Ex. 1, Declaration of DeLand Shore, ¶ 14.

49. Lifestyle has never directed Lyles to obtain any of N2's confidential information or trade secrets. Ex. 1, Declaration of DeLand Shore, ¶ 18.

50. Lifestyle never directed Lyles to contact or mislead N2 regarding obtaining a copy of the Cunningham ad. Ex. 1, Declaration of DeLand Shore, ¶ 20.

51. Lifestyle has never had in its possession any of N2's confidential information or trade secrets. Ex. 1, Declaration of DeLand Shore, ¶ 22.

52. No one employed by Lifestyle knew that Ms. Lyles was contractually prohibited from soliciting Cunningham Associates. Ex. 1, Declaration of DeLand Shore, ¶ 20.

No one employed at Lifestyle knew prior to this litigation that Ms. Lyles had accessed N2's computer systems while contracted with Publications S.E. Ex. 1, Declaration of DeLand Shore, ¶ 14.

This 4th day of June, 2020.

/s/ Carrie M. Francis
Carrie M. Francis, Arizona Bar #020453
carrie.francis@stinson.com
STINSON LLP
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004
Telephone: 602.279.1600
Facsimile: 602.240.6925

/s/ Amy P. Hunt
Amy P. Hunt
Offit | Kurman
301 South College Street, Suite 2600
Charlotte, NC 28202-6006
Telephone: (704)-377-2500
Facsimile: (704) 372-2619
Email: Amy.Hunt@offitkurman.com
NC State Bar No. 34166
Local Civil Rule 83.1(d) Counsel for Lifestyle Publications, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2020, I electronically filed the foregoing DEFENDANT LIFESTYLE PUBLICATIONS, LLC'S STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alexander C. Dale
email: acd@wardandsmith.com
Christopher S. Edwards
email: csedwards@wardandsmith.com
Ward and Smith, P.A.
Post Office Box 7068
Wilmington, NC 28406-7068
*Attorneys for Plaintiffs*

Matthew Nis Leerberg
email: mleerberg@foxrothschild.com
Jeffrey R. Whitley
email: jwhitley@foxrothschild.com
FOX ROTHSDCHILD, LLP
P.O. Box 27525
Raleigh, NC 27611
*Attorneys for Defendant Jacqueline M. Lyles*

This 4th day of June, 2020.

    /s/ Carrie M. Francis
    Carrie M. Francis, Arizona Bar #020453
    carrie.francis@stinson.com
    STINSON LLP
    1850 N. Central Avenue, Suite 2100
    Phoenix, Arizona 85004
    Telephone:   602.279.1600
    Facsimile:    602.240.6925

/s/ Amy P. Hunt
Amy P. Hunt
Offit | Kurman
301 South College Street, Suite 2600
Charlotte, NC 28202-6006
Telephone: (704)-377-2500
Facsimile: (704) 372-2619
Email: Amy.Hunt@offitkurman.com
NC State Bar No. 34166
Local Civil Rule 83.1(d) Counsel for Lifestyle Publications, LLC