IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CIVIL ACTION FILE NO.: 7:19-cv-89-BO

| | |
|---|---|
| NEIGHBORHOOD NETWORKS PUBLISHING, LLC and N2 FRANCHISING, LLC,<br>          Plaintiffs,<br><br>v.<br><br>JACQUELINE MARIE LYLES and LIFESTYLE PUBLICATIONS, LLC,<br>          Defendants. | DECLARATION OF DELAND SHORE |

DeLand Shore, being first duly sworn, deposes and says:

1. I am over 18 years of age, I am not subject to any disability, and I am fully able to make the statements set forth in this Declaration.

2. The statements contained in this Declaration are made of my own volition and are true of my own personal knowledge.

3. I am the Chief Financial Officer for Lifestyle Publications, LLC. I have been employed by Lifestyle Publications, LLC, since 2013.

4. Lifestyle Publications, LLC, owns and publishes community-based publications that are targeted towards residents of affluent neighborhoods.

5. Lifestyle Publications S.E., LLC, is an affiliated company, which is owned and operated by James Newman.

6. Under the Independent Publisher Agreement, Lifestyle Publications S.E., LLC is responsible for soliciting advertising for and publishing four publications: *Alpharetta Lifestyle*, *BuckHaven Lifestyle*, *Johns Creek Lifestyle*, and *Perimeter North Lifestyle*.

7. In February 2019, Lifestyle Publications S.E., LLC, entered into an independent contractor agreement with Jacqueline M. Lyles, a defendant in this action.

8. Ms. Lyles was provided use of an email account and address: jackie.lyles@lifestylepubs.com.

9. Ms. Lyles was responsible for soliciting businesses to advertise in Lifestyle Publications S.E., LLC's publications.

10. During this litigation, I learned that prior to her contracting with Lifestyle Publications S.E., LLC, Ms. Lyles was a franchisee with N2 Franchising LLC.

11. Lifestyle Publications S.E., LLC did not consult with Lifestyle Publications, LLC prior to or during its contracting of Ms. Lyles.

12. Prior to this litigation, Lifestyle Publications, LLC was not aware of any contract between Ms. Lyles and N2.

13. During this litigation, I learned that while Ms. Lyles was under contract with Lifestyle Publications S.E., LLC she accessed N2's client database using an interface called the N2 Portal.

14. No one employed by Lifestyle Publications, LLC, including myself, directed Ms. Lyles to access N2's confidential client database or knew about such access. Nor did anyone employed by Lifestyle Publications, LLC, including myself, direct Ms. Lyles to attempt to solicit clients away from N2.

15. In response to the allegations set forth in the Complaint in this action, Lifestyle Publications, LLC, used commercially reasonable efforts to investigate whether it had received or possessed any information related to N2 from Ms. Lyles and/or Lifestyle Publications S.E., LLC.

16. As part of the investigation, Lifestyle Publications, LLC searched and reviewed any and all locations, whether physical or electronic, where it would reasonably expect to find information related to this action and the allegations set forth in the Complaint.

17. Based on that investigation, Lifestyle Publications, LLC has determined that it did not receive from Ms. Lyles any of N2's confidential or proprietary information—including any trade secrets or claimed trade secrets, including, but not limited to, pricing methodology, advertising contract information, publication or advertising rates, publication or advertising costs, advertising targets, and advertising term—that Ms. Lyles allegedly had access to through her use of N2's software systems.

18. No one employed by Lifestyle Publications, LLC, including myself, directed Ms. Lyles to access N2's software systems or to share any of N2's confidential or proprietary information, including any trade secrets or claimed trade secrets, found in such software systems.

19. In May 2019, one of the publications by Lifestyle Publications S.E., LLC, *BuckHaven Lifestyle*, ran an advertisement for Cunningham Associates, an HVAC company in the Atlanta metropolitan area. I have since learned that Ms. Lyles's contact with Cunningham Associates was alleged by N2 to be in violation of her non-solicitation agreement with N2.

20. No one employed by Lifestyle Publications, LLC, including myself, knew that Ms. Lyles was contractually prohibited from soliciting Cunningham Associates. Likewise, no one employed by Lifestyle Publications, LLC, including myself, directed Ms. Lyles to contact or mislead N2 for the purpose of obtaining the Cunningham Associates advertisement.

21. Based on the above-referenced investigation, Lifestyle Publications, LLC reasonably believes that, other than the Cunningham Associates advertisement that Ms. Lyles

3

obtained from N2, Lifestyle Publications, LLC does not have, and has never had, in its possession any advertisements or other content owned or created by N2.

22. To the best of my knowledge, other than the Cunningham Associates advertisement that Ms. Lyles obtained from N2, and excluding Ms. Lyles herself, no one employed by Lifestyle Publications, LLC, has, or has ever had, in their possession any information—including, but not limited to, pricing methodology, advertising contract information, publication or advertising rates, publication or advertising costs, advertising targets, and advertising term information—allegedly obtained from N2 through any action of Ms. Lyles. Likewise, other than the Cunningham Associates advertisement that Ms. Lyles obtained from N2, and excluding Ms. Lyles, no one employed by Lifestyle Publications, LLC, has, or has ever had, in their possession any of N2's confidential or proprietary information, including any trade secrets or claimed trade secrets obtained from N2 through any action of Ms. Lyles.

23. To the best of my knowledge, Lifestyle Publications S.E., LLC and Ms. Lyles ended their relationship on April 29, 2019.

Under 28 U.S. Code Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 2nd day of June 2020.

_____
DeLand Shore