IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CIVIL ACTION FILE NO.: 7:19-cv-89-BO

| | | |
|---|---|---|
| NEIGHBORHOOD NETWORKS PUBLISHING, INC. and N2 FRANCHISING, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | **DECLARATION OF** |
| v. | ) ) | **ALEXANDER C. DALE** |
| JACQUELINE MARIE LYLES and LIFESTYLE PUBLICATIONS, LLC, | ) ) ) | |
| Defendants. | ) | |

I, Alexander C. Dale, declare as follows:

1. I am a citizen of the United States and a resident of the State of North Carolina.

2. I am over 18 years of age; I am not subject to any disability; and I am fully able and authorized to make the statements set forth in this Declaration. The factual statements set forth in this Declaration are based on my personal knowledge.

3. I am an attorney with the law firm of Ward and Smith, P.A. I have been licensed to practice law in the State of North Carolina since 2001, and I have handled state and federal court litigation matters as part of my practice. I am counsel of record for Plaintiffs in this action.

4. Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, this Declaration, accompanied by the Declaration of James Newman filed on even date herewith, is submitted to explain why Plaintiffs cannot present certain facts in

opposition to Defendant Lifestyle Publications, LLC's Motion for Summary Judgment. Notwithstanding this Declaration, Plaintiffs maintain that Defendant Lifestyle Publications, LLC's Motion for Summary Judgment (D.E. 42) should be denied based on the other evidence and authorities submitted to the Court in connection with Plaintiffs' Response. The arguments of Defendant Lifestyle Publication, LLC ("Defendant Lifestyle") fail as a matter of law, and there are numerous issues of material fact present to preclude summary judgment.

5. I have reviewed the emails produced and authenticated by James Newman of Lifestyle Publications S.E., LLC, which are attached to the Declaration of James Newman and filed contemporaneously with this Declaration. A December 5, 2019 email from Deland Shore, Chief Financial Officer for Defendant Lifestyle, to James Newman, principal of Lifestyle Publications S.E., LLC, shows that Mr. Newman instructed a representative of Defendant Lifestyle to intentionally destroy all emails in Defendant Jacqueline Lyles' account with Defendant Lifestyle. (Declaration of James Newman, Ex. 2, Doc. N2_000156). The email indicates that Defendant Jacqueline Lyles' email account was deleted by Defendant Lifestyle. These deleted emails were in the possession, custody, and control of Defendant Lifestyle. The email between Mr. Newman and Mr. Shore is attached and incorporated herein by reference as **Exhibit 1**.

6. This spoliation of evidence by Defendant Lifestyle has precluded Plaintiffs from having access to this information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 25, 2020.

_____
Alexander C. Dale

ND: 4827-6256-6337, v. 1

# EXHIBIT 1

From: **DeLand Shore** deland@lifestylepubs.com
Subject: Subpoena on N2 matter
Date: December 5, 2019 at 11:28 AM
To: Jim Newman jnewman@lifestylepubs.com
Cc: Steven Schowengerdt steven@lifestylepubs.com

Hi Jim-

Hope you had a nice Thanksgiving.

We got notice you were issued a subpoena re: the N2 matter. Did you receive this?

Also, I found you asked Melanie to delete Jackie Lyles' email address. We were not supposed to do that. Once a lawsuit is filed we have to preserve everything that could be evidence. For example, one of the subpoena items is all of Jackie's email related to sales and prospecting. This could end up being a big problem that her email is all gone.

Do you have an attorney you work with? We may need to have you talk to our attorney about this. She is recommending you object to the subpoena. In any event, there will be very little to produce here.

Let me know if you got the subpoena.

Thanks-
--

**DeLand Shore**

lifestyle publications

deland@lifestylepubs.com

lifestylepubs.com